74 317
175s 89

# Rockford Wholesale Grocery Co. v. Standard Grocery and Meat Co. et al.

1. CORPORATIONS—*Preferences by Insolvent Corporations.*—The general rule is, that an insolvent corporation may, like a natural person in a like condition, make preferences to individual creditors, or classes of creditors, over others.

2. SAME—*Preferences in Favor of Creditors to Whom Directors are Liable as Guarantors.*—The directors or other agents of an insolvent

corporation can not give themselves any advantage or preference in the payment of claims due them by the corporation at the expense of other creditors but this rule does not prevent preferences in favor of other creditors even where such preferences may in a certain contingency result in benefit to the directors.

3. Same—*Preferences by Insolvent Corporations—Liability of Directors.*—Where the assets of a corporation are applied to the payment of a just debt, held by a creditor who has a right to receive payment, directors of the corporation who were guarantors of the debt, can not be held liable in damages to other creditors of the corporation under the rule forbidding creditors preferring themselves.

**Bill,** for relief against the directors of an insolvent corporation. Appeal from the Circuit Court of Winnebago County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

A. D. Early, attorney for appellant.

Works & Hyer, attorneys for appellees.

Mr. Justice Wright delivered the opinion of the Court.

Appellant filed its bill in equity against appellees, the latter being a corporation, and seven of its nine directors.

The substance of the facts stated in the bill, omitting the mere conclusions of the pleader, so far as material to the questions to be discussed in this opinion, are, that on February 21, 1896, the appellee corporation owed the appellant for goods sold, $377.23, and at the time such indebtedness was incurred the appellee company was insolvent, and known to be so by the directors, which fact was unknown to appellant, and concealed from it by the management of the company. Previous to the debt of appellant, the appellee company owed the Manufacturers National Bank of Rockford $500, for which it had given its promissory note, upon which the seven appellee directors were guarantors, or sureties for their company; that on the evening of February 21, 1896, the seven directors met, with one other, who later abandoned the meeting, authorized and caused to be executed by the corporation to said bank a judgment note for the $500, knowing at the time the insolvent condition of the

company, and that a judgment and execution would consume all the property of the concern, leaving nothing for appellant or other creditors, and thereby give to the bank a preference to the exclusion of other creditors of the corporation; that the seven directors intended the bank would take judgment upon such note and proceed to execution and sale, which the bank did on the following day, and the stock and fixtures of the appellee corporation, being all of its property, were sold under execution, issued on such judgment for $245.33, and applied upon such judgment; that the property sold was worth more than the amount realized for it. That appellant afterward obtained judgment against appellee company for its claim, upon which execution issued, and was on July 27, 1896, returned no property found and unsatisfied. And further, the bill concludes the judgment note was given at the instigation of the seven directors to create a preference in their behalf, in their interest, to their advantage, to secure their liabilities, and to relieve themselves from the payment of the latter and becoming direct creditors of the corporation, and prays for personal decree against the seven directors participating in such action, requiring them to pay the judgment of appellant or some equitable proportion thereof.

A general demurrer having been interposed to the bill the court sustained it, and thereupon appellant abiding by its bill, it was dismissed by the court for want of equity, from which decree appellant prosecutes this appeal and assigns such action of the court for error.

The essential questions for decision arising upon the facts as presented by the bill, are: May the directors of a known insolvent corporation give a preference to a creditor whose claim is secured by the personal guaranty of the directors? And if this question is answered in the affirmative: Do the directors giving such preference thereby become personally liable to the non-preferred creditors for the excess of the preferred payment above that which would be a *pro rata* share of the assets of the corporation, if equally distributed among all its creditors?

To simplify the discussion it may be conceded the well

established doctrine of the adjudicated cases is, that the directors, or other agents, of an insolvent corporation can not give themselves any advantage or preference in payment of claims due them by the corporation at the expense of other creditors. The general rule, however, is that in the absence of a statute to the contrary, an insolvent corporation may, like natural persons in like condition, make preferences to individual creditors, or class of creditors, over others. Blair v. Illinois Steel Company, 159 Ill. 350 and cases there cited.

In the case mentioned the only grounds upon which it was contended that the creditors were not entitled to be preferred, was that certain directors of the corporation had guaranteed the payment of their debts, which is the same question here presented. The court there said : " If it is a sufficient reason for depriving them of that right, it must be upon the theory that otherwise the preference would result in some benefit to the guarantors, directors of the company, and that too without any proof tending to establish that fact—that is to say, there is no affirmative proof in this record that these guarantors are solvent or can be made to respond to these creditors for any balance which may remain due them after the company assets are exhausted. For anything here appearing, if the contention that because the creditors had the names of the directors upon their notes as guarantors deprives them of the right secured to other creditors to be preferred, be maintained, they must suffer loss merely because they had such guaranty. We do not understand that the rule which authorizes an insolvent corporation to give preference to one or more of its creditors, or class of creditors, in the distribution of its assets, to the exclusion of others, is limited by the mere fact that such preference may, in a certain contingency, result in benefit to directors of the company, and the authorities, so far as we have been able to ascertain, are to the contrary." Citing Sanford Fork and Tool Co. v. Howe, Brown & Co., 157 U. S. 312, and Henderson v. Indiana Trust Co., 40 N. E. Rep. (Ind.) 516.

In the case here presented we find no averments in the

bill that the seven directors, or any of them, were solvent, and while we do not understand that fact would have controlled the decision to which we have referred, the absence of it here renders the two cases parallel upon the question discussed, and we feel compelled to decide the same way, and hold the creditor had the right to accept and receive the advantage of the preference given by the judgment note, and that which it was the right of the bank to receive it was the right of the directors to give, and no fraud could result therefrom, for it is not contended the indebtedness of the bank was not *bona fide*. The assets of the corporation were applied to the payment of a just debt, in the hands of a creditor who had the right to receive it, and this was all the law demanded.

If the directors had the right to give the preference as they did, and under the circumstances stated, it is difficult to maintain the position they are personally liable for doing that which the law allowed. That which is lawful can not well be wrongful, and without a wrong there can be no cause of action.

The demurrer to the bill was properly sustained, and the decree of the Circuit Court will be affirmed.